DOMENGEAUX, Judge.
This litigation arises from an automobile accident which occurred on July 8, 1980, in Lake Charles, Louisiana. Plaintiff-appel-lee, Carolyn Cummings, and her two minor daughters, Michele and Coleen, were occupants of a vehicle which was struck by an automobile operated by defendant, Robert W. Nixon.
The parties stipulated that the accident was caused solely by the negligence of Nixon, thus leaving only the damage issue to be determined at trial. After trial of the matter judgment was granted against Nixon’s insurer, St. Paul Fire & Marine Insurance Company, and in favor of the plaintiff in the amount of $4,328.55 in special damages.[1] Additionally the jury awarded general damages to Carolyn Cummings of $16,000.00 for herself, $5,000.00 for Michele Cummings, and $1,000.00 for Coleen Cummings.
Defendant insurer, St. Paul Fire & Marine Insurance Company, perfected this suspensive appeal seeking reduction of the award. The appellee has answered the appeal asking that the awards be increased.
La.C.C. Art. 1934(3) provides that in the assessment of general damages, “much discretion must be left to the judge or jury * * *.” In elaborating on the methodology of appellate review of awards for general damages the Louisiana Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) stated that:
“... before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.” Coco, at 335 (citations omitted).
Thus, the analysis should be directed toward whether the factfinder has abused his/their much discretion in compensating the plaintiff for this particular injury taking into consideration the effect such injury had on this particular plaintiff.
“It is only after [an] articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wil *1293 son, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.” Reck v. Stevens, 373 So.2d 498, 501 (La.1979).
After analyzing the facts in this case we find that the jury did not abuse its discretion in making its award.
As to the $4,328.55 in special damages, the record clearly supports this award with bills representing charges for medical expenses, repairs to the vehicle, towing charges and rental car expenses.
As to the general damages awarded Carolyn Cummings, the jury simply believed her testimony as it related to the effect the accident had upon her and her two daughters, both physically and emotionally. There is evidence in the record that Mrs. Cummings was seen in the emergency room of St. Patrick’s Hospital. The examining physician’s medical report notes abrasions of both knees, right shoulder pain, stiffness and pain in the neck. Mrs. Cummings later consulted a local orthopaedic surgeon on multiple occasions for treatment of these conditions. Additionally, Mrs. Cummings testified that she developed a fear of driving as a result of the accident, and that she still had the fear on the day of the trial, some thirty months after the accident. In connection therewith, Mrs. Cummings’ job required an extensive amount of driving and because of her fear, she felt it necessary to quit her job after the accident. In an attempt to overcome this fear the plaintiff consulted a Doctor Shirley in Jennings on three occasions for psycho-therapy sessions. Mrs. Cummings further testified that she was distressed by the fact that bills for her and her daughters’ medical expenses were unpaid and she had begun receiving collection notices.
The jury’s award of $16,000.00 in general damages indicates its appreciation of the severity of the emotional and physical trauma caused Ms. Cummings as well as the mental anguish she suffered from the loss of her job. The issue here is whether the jury has abused its much discretion, not whether a lower (or higher) award would be appropriate. And, in addressing the issue on that basis we cannot say the facts disclosed an abuse of discretion.
General damages in the amount of $5,000.00 were awarded for Michele Cummings and likewise general damages in the amount of $1,000.00 were awarded for Coleen Cummings. In connection therewith the record reveals: (1) that both children experienced sleepless nights after the accident; (2) that Michele had a great fear of traffic and hides her face if traffic gets heavy; (3) that Coleen had a knot on her shin which remained for about two months; (4) that Michele had a bruised forehead which caused her pain for some time. “There is no rule or standard of law fixing or establishing the amount of recovery and each case consequently must rest on its own set of facts.” Reck v. Stevens, supra, at 505. In this case it is the jury who as the trier of fact heard the witnesses and observed their demeanor. And as we earlier stated the question on appeal is whether the jury has abused its discretion in making the awards. We cannot say that the jury has abused its great discretion by making the above stated awards of general damages.
For the above and foregoing reasons the judgment of the trial court is affirmed. The defendant-appellant is to pay all costs of these proceedings.
AFFIRMED.
STOKER, J., dissents with respect to the quantum issue and assigns written reasons.

. There is no explanation either in the record or in briefs (oral argument was waived) as to why defendant Nixon was not cast in judgment. In any event no issue is made of that omission.